[Farmer v. Sellers.]

# Farmer *v.* Sellers.

*Bill in Equity to enforce Specific Performance of a Contract.*

1. *Specific performance; when contract sustained by sufficient consideration.*—Where, after the sale of lands under an execution issued upon a judgment, at which sale the plaintiff in the judgment became the purchaser, the defendant in execution makes a proposition to said purchaser that he would pay a certain amount, which was less than the recovery in the judgment, in full settlement of said judgment, and that the purchaser should re-convey to him the lands purchased at the execution sale, which proposition is accepted, there is created between the parties a contract which can be specifically enforced in a court of equity.

APPEAL from the Chancery Court of Henry.

Heard before the Hon. W. L. PARKS.

The bill in this case was filed by C. E. Sellers, the appellee, against the appellant, B. G. Farmer, to compel the specific performance of a contract. The facts as averred in the bill showing the alleged contract are sufficiently stated in the opinion. The respondent moved to dismiss the bill for want of equity.

On the submission of the cause upon this motion, the chancellor rendered a decree overruling the motion. From this decree the bill is prosecuted, and the rendition thereof is assigned as error.

ESPY, FARMER & ESPY, for appellant, cited *Elliott v. Wade*, 47 Ala. 457; *Hurst v. Thompson*, 73 Ala. 168; *S. & N. Ala. R. R. Co. v. H. A. & B. R. R. Co.*, 119 Ala. 105.

W. C. OATES and S. H. DENT, JR., *contra.*

DOWDELL, J.—The bill in this case is for the specific performance of a contract. Motion was made by the respondent to dismiss the bill for want of equity,

which was overruled by the chancellor, and from the decree overruling the motion this appeal is prosecuted. The facts as alleged in the bill are substantially as follows: Farmer recovered a judgment in the circuit court of Henry county at the September term, 1895, for the sum of four hundred and twenty-nine dollars against the complainant Sellers. An execution was issued on this judgment and was levied upon certain lands of Sellers, defendant in the judgment. These lands were sold under said levy, and Farmer became the purchaser at the execution sale at and for a sum less than the amount of the judgment. Subsequent to this, and on the 16th day of October, 1897, Sellers made a proposition to Farmer through W C. Oates to pay said Farmer, at a future day named, $366.16 in full settlement of said judgment, and that he, Farmer, should reconvey the lands purchased by him at said execution sale to said Sellers or Oates as they might elect. The bill alleges that this proposition was agreed to and accepted by said Farmer.

The appellant's contention is that the contract sought to be specifically enforced involved nothing more than a promise on his part to accept in payment and discharge of his debt against the appellee a smaller sum than was due him, and that therefore it is a *nudum pactum*. In this construction of the contract he is mistaken. It is, in substance and effect, a contract of purchase of the land of which the appellant had become owner, having acquired title to the same through the execution sale, and the agreement to satisfy the judgment constituted only a part of the contract of purchase. Suppose the contract had been for the sale and purchase of some other tract of land of the defendant for the price stipulated in the present contract, with additional agreement as to the satisfaction of the judgment held against the appellee, could there then have been any doubt as to appellee's right to a specific performance? We are unable to see any difference between the two cases. There was no error in overruling the motion to dismiss the bill for want of equity, and the decree must be affirmed.

Affirmed.